# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DESY QUINTERO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-1527** |
| **BALBOA INSURANCE COMPANY** | **SECTION "R" (3)** |

## REPORT AND RECOMMENDATION

The matter of Meritplan's Motion for Sanctions (Doc. #14) is before the undersigned pursuant to the automatic referral of discovery matters. On April 4, 2008, defendant, Meritplan Insurance Company, removed the captioned Hurricane Katrina homeowner's coverage claim from the Twenty Fourth Judicial District Court for the Parish of Jefferson, Louisiana, to this Court. The District Judge's scheduling order (Doc. # 6) issued on June 5, 2008 and Meritplan commenced discovery in earnest immediately. Meritplan filed a motion to compel discovery (Doc. # 10) on August 22, 2008; a discovery order (Doc. #13) issued on September 30, 2008 memorializing plaintiff's consent to provide full and complete responses no later than October 10, 2008. Plaintiff failed to comply with the discovery order. On November 20, 2008, Meritplan filed a Motion for Sanctions (Doc. # 14).

The undersigned's minute entry order (Doc. #17) issued pursuant to the December 10, 2008 hearing of Meritplan's Motion for Sanctions. Defendant sought a contempt ruling against plaintiff based upon his refusal to cooperate in the discovery effort. Pursuant to the December 10, 2008 hearing, the Court issued a RULE TO SHOW CAUSE on JANUARY 21, 2009 at 11:00 A.M. in Courtroom B305, 500 Poydras St., ordering the plaintiff, DESY QUINTERO, to APPEAR PERSONALLY before the undersigned. *See* Return of Service of the Rule on Plaintiff

(Doc. # 19).

The plaintiff failed to appear and did not contact the Court or request any accommodation as to the hearing date. Plaintiff's failure to cooperate with the discovery effort is accurately described in great detail in defendant's submissions accompanying the Motion for Sanctions (Doc. #14). The plaintiff's refusal to engage in discovery and prosecute his own case was the subject of two oral hearings, one being the January 21, 2009 Rule to Show Cause. Plaintiff's obstruction of discovery and contempt of court orders is objectively ascertainable on the written record of these proceedings.

The Court has wide latitude in determining the appropriate sanction for failure to comply with discovery and, especially, for failure to comply with a Court Order. Defendant requests dismissal of plaintiff's action with prejudice. The Court has clear authority under Fed. R. Civ. P. 37(b)(2)[1] to sanction a party for failure to obey a discovery order. One sanction available under Rule 37(b)(2)(C)[2] is dismissal of the action, or any portion of the action. In addition, Fed. R.

---

[1] Rule 37(b)(2)- Failure to Comply with a Court Order - provides in pertinent part:
"(2) Sanctions in the District Where the Action Is Pending.
(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part;....."

[2] Rule 37(b)(2)( C) - Failure to Disclose or Supplement - provides in pertinent part.
" If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to *or instead of this sanction*, the court, on motion and after giving an opportunity to be heard:
   * * *

Civ. P. 41(b) provides the Court with discretion to dismiss plaintiff's lawsuit with or without prejudice for his failure to prosecute his case and/or for failure to comply with Court Orders.

To support a dismissal under Rule 37(b), the Fifth Circuit requires a finding of bad faith or willful conduct, as well as a finding that other factors exist. First, dismissal is authorized only when the failure to comply with the court's order results from willfulness or bad faith, and not the inability to comply. Next, dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Another consideration is whether the other party's preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders.

In this particular case, there is no question but that the conduct of plaintiff is "willful" (and not simple negligence or a misunderstanding). This Court's inquiry leads solely to the conclusion that plaintiff's failure to cooperate is not attributable to his counsel (who has bent over backwards to secure the plaintiff's cooperation *to no avail*). Plaintiff's conduct amounts to no less than willful/bad faith refusal to comply with the court's orders. Less drastic sanctions such as monetary sanctions, *inter alia*, will serve no useful purpose and, without question, Meritplan's preparation of its defense for trial on the merits is substantially prejudiced, remains on hold to date and the kind of prejudice suffered cannot be undone. This case involves damage to property that occurred well-over three years ago (August 29, 2005) and more storms of significant force followed suit, including one recently in September, 2008.

---

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). (all emphasis added).

While it is clear from the case law that the harsh sanction of dismissal is not favored except in "extreme circumstances," this is one of those rare cases that merits *extreme justice.* In this division of Court, the recommendation of "dismissal *with prejudice* for failure to prosecute" is not the usual fare; however, neither is a litigant's (1) abject failure to prosecute or (2) rank refusal to cooperate with the discovery effort or (3) contempt/willful ignorance of the Court's orders. Plaintiff in this case rang all three bells. It is apparent to the undersigned that this "bad faith" conduct will most likely continue to the prejudice of the defendant - *i.e*., prejudice in terms of racking up needless costs and attorneys fees and the inability to prepare its defense to the plaintiff's claims, when deadlines and the trial date are imminent. Accordingly,

**IT IS RECOMMENDED** that Meritplan's Motion for Sanctions (Doc. #14) in the form of dismissal of the plaintiff's case in its entirety with prejudice be GRANTED.

New Orleans, Louisiana, this 23rd day of January, 2009.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**